UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-11540-RGS

TAHMOURESS SADEGHI, et al.

v.

MICHAEL POMPEO, SECRETARY OF STATE, et al.

ORDER ON PLAINTIFFS'/PETITIONERS'
PETITION FOR A WRIT OF MANDAMUS
AND REQUEST FOR INJUNCTIVE RELIEF

July 26, 2018

STEARNS, D.J.

Tahmouress Sadeghi is an American citizen who lives in Boston, Massachusetts. His fiancée, Narges Biglary, is an Iranian citizen currently living in Tehran, Iran. With Sadeghi's sponsorship, Biglary has filed an I-129F visa petition (the fiancé visa), seeking to immigrate to the United States. The Complaint alleges that US Citizenship and Immigration Services (USCIS) approved Biglary's fiancé visa on May 15, 2018, and that the State Department's National Visa Center also approved the visa, forwarding the application to the US Embassy in Ankara, Turkey, for further processing, including an interview with Biglary and her minor child. That interview took place on July 12, 2018. However, because Iranian nationals are subject to the edicts of Presidential Proclamation No. 9645, upheld by the Supreme

Court in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), consular officials informed Biglary that it would take between six and ten months to process her application for a waiver as required for entry of certain foreign nationals under Section 3 of the Proclamation. This timeline has caused much anguish for Sadeghi, Biglary, and their families, in large part because, as alleged in the Complaint, USCIS's conditional approval of Biglary's I-129F visa will expire on September 14, 2018.

Sadeghi and Biglary now seek relief in this court, by way of the instant Motion for a Writ of Mandamus and Complaint for Emergency Injunctive and Declaratory Relief. The Complaint names as defendants the current Secretary of State, Michael Pompeo, and unknown John Doe consular officers, who are sued in their official capacities. The Complaint generally alleges that the Department of State has failed to timely adjudicate Biglary's visa waiver application as required by the implementing regulations of the Immigration and Nationality Act (INA), *see* 22 C.F.R. § 42.81(a) ("When a visa application has been properly completed or executed . . . The consular officer *must* either issue or refuse a visa under INA 212(a) or INA 221(g) or other applicable law.").[1] In addition to the requested mandamus relief, the

---

[1] While the court takes no position on the issue at this time, it is not altogether clear that the CFR regulations cited by petitioners apply in the

Complaint advances claims under the Administrative Procedure Act and seeks emergency injunctive relief.

Petitioners' first request is that the court issue a Writ of Mandamus directing the State Department to expedite the approval process of Biglary's waiver and to issue her a visa no later than August 1, 2018.[2] Mandamus, however, is an extraordinary writ to be reserved for special situations in which an agency or official has failed to act (or has acted) in disregard of a clear legal duty and where there is no adequate means for review, such as that provided by the APA. *See In Re: City of Fall River*, 470 F.3d 30 (1st Cir. 2006).

Even if a district court were to have the power to direct consular officers to issue a visa waiver – a highly dubious proposition given the expertise of the State Department over such matters and the corresponding lack of competence of a federal court – a writ of mandamus would not be

---

context of the limited visa waiver authorized by Section 3 of the Proclamation.

[2] The petition is equivocal as to whether the court is being asked to direct the Secretary of State to issue the visa waiver or to simply expedite the decision as to whether Biglary's application will be approved. In one sense, according to the pleadings, that decision has already been made. As the pleading notes, *see* Compl. ¶ 2, the unnamed consular official in Ankara informed petitioners that the application "will remain refused" pending further consideration under 8 U.S.C. § 1182(f) and the waiver provision of the Proclamation.

appropriate here because, as the Complaint itself alleges, the APA provides a mechanism for injunctive relief where "an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702.[3] Because the petitioners have failed to show "why mandamus should be considered in the face of this conventional review mechanism," *In Re Fall River*, 470 F.3d at 33, the Petition for a Writ of Mandamus will be denied.

At this time, the court will also deny the request for emergency injunctive and declaratory relief without prejudice to refile after the Department of State has an opportunity to respond. Even construing the facts in the light most favorable to the plaintiffs, and assuming that the court has some jurisdictional basis to intervene, the court cannot at this time say whether the delay in adjudicating the waiver is unreasonable, as plaintiffs allege. As a practical matter, the court recognizes that, lacking any formal diplomatic installation in Iran, US Embassies in adjacent countries like Turkey are experiencing a backlog of such visa requests and are operating in

---

[3] It also bears mentioning that the writ might place the consular officers under competing legal obligations, on the one hand the need to engage in a comprehensive review of visa waiver applications from certain countries listed in the Proclamation, and on the other hand an order from a federal district court to consider petitioners' applications first before considering those of others, many of whom presumably are equally frustrated by the same delays.

a framework where they are under an executive order to closely scrutinize visa applicants from certain countries, including Iran. While the court is sympathetic to the plight of the petitioners, it cannot grant the emergency relief that they seek at this time.

ORDER

The Petition for a Writ of Mandamus is <u>DENIED</u>. The motion for emergency and injunctive relief is <u>DENIED</u> without prejudice. A summons will issue on the US Attorney for the District of Massachusetts for transmittal to the Secretary of State.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE